No. 527

**First Circuit**

———

HANNAGRIFF & EDMONDSON v. BOYET

———

(April 14, 1930. Opinion and Decree.)

———

B. D. Talley, of Bogalusa, attorney for plaintiff, appellee.

Ott & Rich, of Bogalusa, attorneys for defendant, appellant.

ELLIOTT, J. Hannagriff & Edmondson claim of J. A. Boyet $153.95, alleging that it is due them by the defendant for having rebuilt for him an automobile engine at his request; that plaintiff furnished the parts and did the work agreed upon, but defendant refuses to pay the bill.

Defendant admits that plaintiffs were employed as alleged, but that the amount for the work was not to exceed $125, and that plaintiffs were to put in the engine all the new parts. That plaintiff instead put in secondhand parts. That, having been rebuilt with secondhand parts, the engine cannot be safely used for the purpose for which it was intended to be used; that he therefore refused to accept it, and was justified in refusing to pay the bill.

The evidence as to what the agreement was on the subject of parts is conflicting. Plaintiff testifies that he used secondhand connecting rods; that defendant agreed that this be done; that the rods used were as good as new.

Defendant testifies, and is supported in his testimony by his son and another witness, that only new parts were to be put in, and denies that he agreed with plaintiff that secondhand connecting rods might be used. Defendant urges that the preponderance of the testimony supports the contention of the defendant; that putting in secondhand connecting rods was in violation of the agreement.

The evidence shows that connecting rods were the only secondhand parts used, and that they were as good as new ones. All of the other parts used in rebuilding the engine were new parts. It further appears that defendant knew before the work was completed that secondhand connecting rods had been, or would be, put in, but he made no complaint to the plaintiff. He says he went to the shop for the purpose of complaining, but never could find the plaintiffs there. We think if defendant had really desired to find the plaintiffs so as to complain to them that they were violating the agreement by using secondhand connecting rods, that he could and would have done it. No complaint reached plaintiffs until they had finished the work and presented their bill. This tends to indicate that there had been an arrangement between the plaintiffs and defendant that secondhand connecting rods might be used, as claimed by the plaintiff.

The trial court rendered judgment in favor of the plaintiffs for $125, giving reasons for so doing. The evidence does not satisfy us that he erred.

Judgment affirmed; defendant and appellant to pay the cost in both courts.

LECHE, J., not participating.